**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO.  3:21-MJ-00144-CHL**

**UNITED STATES OF AMERICA,**                                                                                    **Plaintiff,**

**v.**

**JAVONTE L. GRANT ,**                                                                                                   **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Government's motion to extend time to file the indictment as to Defendants Javonte L. Grant and Brandon Washington and the period to begin trial and to exclude such time for all Speedy Trial Act purposes.  (DN 23.)  Defendant Grant filed a response in opposition.[1]  (DN 25.)  Defendant Washington did not file a response and the time to do so has now expired.  Therefore, the motion is ripe for review.

**I.      BACKGROUND**

This matter comes to the Court in the midst of the ongoing global pandemic that has resulted in persisting rates of Coronavirus Disease ("COVID-19") within the Western District of Kentucky.

**a.      The Coronavirus Pandemic**

Coronavirus Disease is a contagious disease caused by an infection with the severe acute respiratory syndrome coronavirus 2 virus strain.  On March 13, 2020, a national emergency was declared due to the gravity of the threat COVID-19 posed to the nation's public health.

---

[1] The Government's motion is captioned "Motion for Extension of Time to File *Indictment*."  (DN 23.)  Under the Local Criminal Rules, a response to a motion for an extension of time must be filed within seven days of service of the motion.  LCrR 47.1(b).  Responses to all other motions must be filed within fourteen days of service of the motion.  LCrR 47.1(d).  Here, Defendant Grant filed his response thirteen days after service of the Governments motion.  Because the Government's motion is substantive in nature, the Court will not construe it as an ordinary motion for an extension of time and will consider Defendant Grants' response as timely filed pursuant to Local Criminal Rule 47.1(d).

Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020).  Since that time, global COVID-19 cases and deaths have been steadily rising, and the United States has more COVID-19 cases than any other country.[2]  To date, over 579,000 individuals in the United States have lost their lives to the disease.  Kentucky has not been exempted from the carnage, with an estimated 333,631 total cases and a death toll of 6,449.  Over the last several months of 2020, it became clear that things would get worse before they get better, with cases drastically rising beginning in October, a trend that continued into the new year.  The first three days of December 2020 saw more reported cases in Kentucky than were reported over the entire months of May and June 2020 combined.  Several days in January 2021 set new records in both cases and deaths per day in the United States; it became the deadliest month in terms of American COVID-19 fatalities thus far.  While the widespread availability of COVID-19 vaccines beginning in late 2020 signaled the current declines in transmissions nationwide, by the end of February 2021, less than eight percent of the population was fully vaccinated.

### b. General Orders Concerning Court Operations Related to COVID-19

In response to continuing spikes in COVID-19 cases in the Western District of Kentucky, on November 3, 2020, Chief Judge Greg N. Stivers issued General Order 20-23 ("GO 20-23"). This is the sixth General Order in the District concerning court operations related to COVID-19. Under the order, all grand jury proceedings were continued through December 2020 "[b]ecause impaneling new grand jurors cannot be done without seriously jeopardizing public health and safety, including the health and safety of the prospective grand jurors, counsel, and Court staff . . ." (GO 20-23, at 1.)  The order further provided that "[a]ll trial-specific deadlines in criminal cases scheduled for trial on or before December 31, 2020, are continued pending further order of the

---

[2] All case statistics sourced from CTR FOR DISEASE CONTROL AND PREVENTION, *CDC COVID Data Tracker*, https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last visited Jan 5, 2020).

Court." (*Id.*) The order also addressed its impact on criminal defendants' rights under the Speedy Trial Act. See 18 U.S.C. § 3161, *et seq.*[3]

Subsequent General Orders renewed the provisions of GO 20-23 through April 30, 2021. (GO 20-35; GO 21-03; GO 21-08.)

## II. DISCUSSION

The Court now turns to the Government's requested extension and exclusion of that extension from tolling under the Speedy Trial Act (the "Act"). Under the Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act also provides 90-day period for beginning trial for a defendant who is detained solely because he or she is awaiting trial. 18 U.S.C. § 3164(b). The Act provides a number of time periods which may be "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence" and among them is a period "the judge granted . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, by operation of the General Orders described above, the Government was not able to seek or secure an indictment within thirty days from the time the Defendants were brought into federal custody as required by the Act. The Defendants were brought into federal custody on

---

[3] In relevant part: "The Court finds that due to the public health risks associated with summoning large groups of prospective jurors, the public's perceptions of the risks associated with jury service, and its reduced ability to obtain an adequate spectrum of jurors, the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial. Subject to intervening orders, the period of exclusion shall be from the date of this Order through December 31, 2020. The district judge assigned to the matter may extend this period as circumstances may warrant. This Order and period of exclusion is incorporated by reference as a specific finding pursuant to 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006)." (GO 20-23 at 2.)

March 24, 2021. (DN 23, at PageID # 44.) Because the General Orders continued grand jury proceedings as of November 4, 2020, it was impossible for the Government to secure an indictment within the statutory period. However, the General Orders expressly provide that "the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial." (GO 20-23, at 2; GO 20-25, at 2; GO 21-03, at 2; GO 21-08, at 2.) That provision applies to this case. The Court notes that the General Orders make clear that "[n]o party impacted by the Court's analysis regarding the time excluded under the Speedy Trial Act is foreclosed from seeking relief from this General Order." (*Id.*) However, Defendant Washington requested no such relief. Therefore, the Court will grant the extension and exclude the period under the Speedy Act, 18 U.S.C. § 3161(h)(7)(A) as to Defendant Washington.

For his part, Defendant Grant filed a response objecting to the application of GO 21-08 to him and requesting this Court dismiss the pending complaint pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure and 18 U.S.C 3162(a)(1). (DN 25, at PageID # 56.) In support of his request, Defendant Grant notes that, notwithstanding the status of the pandemic at the time, on January 21, 2021, the Court permitted grand jury proceedings to be held in the Paducah Division on February 16 and 17, suggesting that if "the United States taken Mr. Grants rights with the level of gravity due to such rights, they would have made the seemingly arbitrary decision to empanel a grand jury to hear Mr. Grant's case." (*Id.*, at PageID # 55.)

The Court's finding that grand jury proceedings were warranted in the Paducah Division based on exceptional circumstances and the interest of justice does not undermine the Court's decision to continue suspending grand jury proceedings in Louisville. Unlike in Louisville, the

4

grand jury in Paducah had already been empaneled at the time the Court permitted proceedings to move forward. Additionally, while the Court appreciates Defendant's point that at the time, dozens of daily COVID-19 cases were being reported in McCracken County, the conditions between Jefferson County and McCracken County were not exactly identical. On the days the grand jury was permitted to convene in the Paducah Division, COVID-19 case reports in Jefferson County surpassed those in McCracken County by a factor of 3.6. These facts show how the Court's decision to permit grand jury proceedings in one place but not the other was not arbitrary. Because Defendant Grant did not put forth any other reason for why he should be relieved from the General Orders, the Court will deny his request for dismissal and grant the extension and exclude the period under the Speedy Act, 18 U.S.C. § 3161(h)(7)(A) as to Defendant Grant.

### III.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 23 is **GRANTED**.
2. The Court specifically finds that the ends of justice served by taking this action outweigh the interests of the Parties and the public in a speedy trial.
3. The time for the Government to file an indictment as to Defendants set forth in 18 U.S.C. § 3161(b) is continued to thirty days after the date on which this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally as communicated through a new General Order.
4. The period of delay between April 16, 2021, and the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally as communicated through a new General Order shall be excluded in computing the time for

all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed (18 U.S.C. § 3161(b)) and for calculating the 90-day time period for beginning trial for a defendant who is detained solely because he is awaiting trial (18 U.S.C. § 3164(b)).

Colin H Lindsay, Magistrate Judge
United States District Court

May 3, 2021
cc:  Counsel of record